IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15cv43

| | |
|---|---|
| BILTMORE AVENUE CONDOMINIUM ASSOCIATION, INC., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| HANOVER AMERICAN INSURANCE COMPANY, | ) ) ) |
| Defendant. | ) ) ) |

MEMORANDUM AND RECOMMENDATION

Pending before the Court is the Motion to Dismiss [# 10]. Plaintiff brought this action against Defendant asserting claims for breach of contract and unfair and deceptive trade practices. All of the claims arise out of Defendant's alleged failure to cover losses related to the installation of a sprinkler system in a building after a fire caused substantial damage to the building. Defendant moves to dismiss the Complaint in its entirety. Upon a review of the record, the parties' pleadings, and the relevant legal authority, the Court **RECOMMENDS** that the District Court **GRANT in part** and **DENY in part** the Motion to Dismiss [# 10].

I.  Background

Plaintiff is a North Carolina Corporation that owns a five-story medical

office building located in Asheville, North Carolina. (Pl.'s Am. Compl. ¶¶ 1, 3.) Plaintiff purchased commercial property insurance coverage for this building from Defendant, a Delaware corporation. (Id. ¶¶ 2, 4.) This insurance policy contained an Ordinance or Law endorsement that provided $2,000,000.00 for the increased cost of reconstructing the building to comply with current legal requirements. (Id. ¶ 8.) The policy also included a separate Advantage-Choice Property Broadening Endorsement providing $500,000 covering various potential losses. (Id. ¶ 9; Ex. B to Pl.'s Am. Compl. at § 1.A.)

During the policy's period of coverage, a fire caused substantial damage to the building on July 28, 2011. (Pl.'s Am. Compl. ¶ 6.) Plaintiff timely submitted a claim for coverage under the insurance policy. (Id. ¶ 7.) Plaintiff requested that Defendant provide coverage under both endorsements, including $500,000.00 for the installation of a sprinkler system under the Advantage-Choice Property Broadening Endorsement. (Id. ¶ 10, 11.) By letter dated February 16, 2012, Defendant informed Plaintiff that it was the position of Defendant that any required costs associated with the installation of the sprinkler system would be covered up to the $500,000 policy limit. (Id. ¶ 12.) Plaintiff believed that Defendant would provide coverage under both endorsements for a total amount of $2,500,000.00. (Id. ¶¶ 16-17.)

Subsequently, Defendant paid Plaintiff $2,000,000.00 under the Ordinance or Law Endorsement. (Id. ¶ 13.) Based on its belief that the Advantage-Choice Property Broadening Endorsement would also provide coverage, Plaintiff went ahead and spent over $500,000.00 installing a sprinkler system in the building. (Id. ¶¶ 12, 14.) On August 2, 2013, Plaintiff submitted an invoice in the amount of $500,000.00 to Defendant for additional coverage pursuant to the Advantage-Choice Property Broadening Endorsement. (Id. ¶ 14.)

In an August 14, 2013, letter, Defendant denied the request for additional coverage for the installation of the sprinkler system on the grounds that Plaintiff had exhausted its coverage and that Plaintiff could not utilize both endorsements. (Id. ¶ 15; Ex. D to Pl.'s Am. Complaint at pp. 1-2.) Plaintiff then brought this action on January 16, 2015, in the Superior Court of Buncombe County. Defendant promptly removed the action to this Court, and Plaintiffs filed an Amended Complaint asserting a claim for breach of contract and a claim for Unfair and Deceptive Trade Practices. Defendant now moves to dismiss the Amended Complaint in its entirety. The District Court referred the Motion to Dismiss to this Court. Accordingly, the motion is now before this Court for a Memorandum and Recommendation to the District Court.

## II. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief.  See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009).  In considering Defendant's motion, the Court accepts the allegations in the Amended Complaint as true and construes them in the light most favorable to Plaintiff.  Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92.  Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ."  Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256.  "[A] formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.  Nor will mere labels and legal conclusions suffice.  Id.  Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).

The Amended Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**III. Analysis**

**A. Breach of Contract**

The statute of limitations for a breach of contract claim in North Carolina is three years. N.C. Gen. Stat. § 1-52(1); Coderre v. Futrell, 736 S.E.2d 784, 787 (N.C. Ct. App. 2012). A breach of contract claim accrues at the time of the notice of the breach. Ludlum v. State, 742 S.E.2d 580, 582 (N.C. Ct. App. 2013); Henlajon, Inc. v. Branch Highways, Inc., 560 S.E.2d 598, 603 (N.C. Ct. App. 2002). The statute of limitations for an action upon a claim for loss covered by a

fire insurance policy is also three years. N.C. Gen. Stat. § 1-52(12). Such a claim, however, must be brought within three years of the loss. N.C. Gen. Stat. § 58-44-16(18); see also Marshburn v. Associated Indem. Corp., 353 S.E.2d 123, 127-29 (N.C. Ct. App. 1987); Quillen v. Allstate Corp., Civil No. 1:14-cv-00015-MR-DLH, 2014 WL 6604897 (W.D.N.C. Nov. 20, 2014) (Reidinger, J.) (adopting Memorandum and Recommendation); Dorman v. Grain Dealers Mut. Ins. Co., No. 1:09CV268, 2010 WL 1462551, at *6-8 (W.D.N.C. Mar. 18, 2010) (Howell, Mag. J.).

The loss in this case occurred on July 28, 2011, when a fire caused substantial damage to the insured building. (Pl.'s Am. Compl. ¶ 6.) Plaintiff had three years from the date of this loss to bring suit against Defendant. Plaintiff, however, waited more than three years from the date of the loss to bring its breach of contract claim against Defendant, filing this action on January 16, 2015. Accordingly, Plaintiff's breach of contract claim is barred by the applicable statute of limitations. Plaintiff does not dispute that if failed to bring its breach of contract claim within the applicable limitations period. Rather, Plaintiff contends that the doctrine of equitable estoppel tolls the limitations period in this case.

In the proper case, equitable estoppel may bar a defendant from relying on the applicable statute of limitations as a defense to a plaintiff's claim. Duke Univ.

v. Stainback, 357 S.E.2d 690, 692 (N.C. 1987).

> While equitable estoppel does not protect an individual who simply sleeps on her or his rights, the doctrine can be and has been employed to protect parties . . . when those parties have relied on a false representation of material fact to their detriment and lack knowledge of the means of attaining knowledge of the real facts in question.

Ussery v. Branch Banking and Trust Co., 743 S.E.2d 650, 658 (N.C. Ct. App. 2013). North Carolina Courts have defined the elements of equitable estoppel as:

> (1) conduct on the part of the party sought to be estopped which amounts to a false representation of concealment of material facts; (2) the intention that such conduct will be acted on by the other party; and (3) knowledge, actual or constructive of the real facts. The party asserting the defense must have (1) a lack of knowledge and the means of knowledge as to the real facts in question; and (2) relied upon the conduct of the party sought be estopped to his prejudice.

Friedland v. Gales, 509 S.E.2d 793, 807 (N.C. Ct. App. 1998) (quoting, Parker v. Thompson-Arthur Paving Co., 396 S.E. 626, 628-29 (N.C. Ct. App. 1990); see also Stratton v. Royal Bank of Canada, 712 S.E.2d 221, 230 (N.C. Ct. App. 2011). The party that seeks to rely on the doctrine of equitable estoppel to escape the application of the statute of limitations must plead sufficient factual allegations in the complaint to raise an issue as to the doctrine's application. Friedland, 509 S.E.2d at 807.

Fatal to Plaintiff's assertion of the equitable estoppel defense is the fact that Plaintiff had knowledge of the real facts giving rise it its breach of contract claim

prior to the expiration of the statute of limitations. Irrespective of the February 16, 2012, letter, as well as the fact that Plaintiff may have relied on this letter to its detriment, Defendant sent Plaintiff another letter on August 14, 2013, denying Plaintiff's claim for coverage for the costs of the sprinkler system. As a result, Plaintiff had approximately a year before the expiration of the statute of limitations to assert a breach of contract action.

Unlike situations where North Carolina Courts have applied the doctrine of equitable estoppel, this is not a situation where a defendant undertook actions that caused the plaintiff not to bring suit within the limitation period. See e.g. id. (applying equitable estoppel where concealment of facts prohibited plaintiff's knowledge of the facts until after the expiration of the limitations period). Because Plaintiff had knowledge of all the facts necessary to bring this suit well before the expiration of the three year limitations period and there are no allegations that any actions of Defendant prohibited Plaintiff from asserting a breach of contract claim after August 14, 2013, the doctrine of equitable estoppel is not applicable to this case. Plaintiff could and should have filed suit after Defendant denied the claim for coverage. Any subsequent delay is the result of the actions of Plaintiff, not Defendant, and Plaintiff may not rely on the doctrine of equitable estoppel to revive is time-barred breach of contract claim. Accordingly,

the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss as to Count Two.

### B. Unfair and Deceptive Trade Practices

Count One of the Amended Complaint asserts a claim pursuant to North Carolina's Unfair and Deceptive Trade Practices Act ("UDTP"), N.C. Gen. Stat. § 75-1.1, *et seq.* Plaintiff's UDTP claim is governed by a four year statute of limitations. N.C. Gen. Stat. § 75-16.2; Trantham v. Michael L. Martin, Inc., 745 S.E.2d 327, 334 (N.C. Ct. App. 2013); Page, 628 S.E.2d at 430. "'A cause of action generally accrues and the statute of limitations begins to run as soon as the right to institute and maintain a suite arises.'" Hunter v. Guardian Life Ins. Co. of Am., 593 S.E.2d 595, 601 (N.C. Ct. App. 2004) (quoting Penley v. Penley, 332 S.E.2d 51, 62 (N.C. 1985)). In the insurance context, a UDTP cause of action accrues when the insurer denies the claim. Lawley v. Liberty Mut. Grp., Inc., No. 5:11-cv-00106-RLV-DSC, 2012 WL 4513622, at *7 (W.D.N.C. Sept. 28, 2012) (Voorhees, J.) (unpublished).

In order to make out a *prima facie* claim for unfair and deceptive trade practices, Plaintiff must show that: (1) Defendant committed an unfair or deceptive act or practice; (2) that this act or practice was in or affecting commerce; and (3) that the act or practice proximately caused the Plaintiff's injury. Gray v. N.C. Ins.

Underwriting Ass'n, 529 S.E.2d 676, 681 (N.C. 2000); Hospira Inc. v. Alphagary Corp., 671 S.E.2d 7, 12 (N.C. Ct. App. 2009); Sessler v. March, 551 S.E.2d 160, 167 (N.C. Ct. App. 2001). A practice is unfair if it "'is immoral, unethical, oppressive, unscrupulous, or substantially injurious to customers.'" Thompson, 418 S.E.2d at 699 (quoting Johnson v. Phoenix Mut. Life Ins. Co., 266 S.E.2d 610, 621 (N.C. 1980)); Sessler, 551 S.E.2d at 167. A practice is deceptive where it has the tendency or capacity to deceive. Thompson, 418 S.E.2d at 699; Sessler, 551 S.E.2d at 167. "In making a claim of unfair and deceptive trade practices on a theory of misrepresentation or fraud, a plaintiff must show that a defendant's words or conduct possessed 'the tendency or capacity to mislead' or create the likelihood of deception.'" Hospira, 671 S.E.2d at 12 (quoting Marshall v. Miller, 276 S.E.2d 397, 403 (1981)). Moreover, a plaintiff does not have to show actual deception to prevail, he or she need only demonstrate that the acts of defendant "possessed the tendency or capacity to mislead or create the likelihood of deception." RD & J Props. v. Lauralea-Dilton Enters., LLC, 600 S.E.2d 492, 500-501 (N.C. Ct. App. 2004).

Actions for unfair and deceptive trade practices, however, are distinct from actions for breach of contract, and the mere breach of contract, even where the breach is intentional, cannot constitute an action pursuant to North Carolina's

Unfair and Deceptive Trade Practices Act. Eastover Ridge, L.L.C. v. Metric Constructors, Inc., 533 S.E.2d 827, 832-33 (N.C. Ct. App. 2000); Branch Banking & Trust co. v. Thompson, 418 S.E.2d 694, 700 (N.C. Ct. App. 1992). As the North Carolina Court of Appeals has explained:

> The plaintiff must show "substantial aggravating circumstances attending the breach to recover under the Act, which allows for treble damages." Id. It is "unlikely that an independent tort could arise in the course of contractual performance, since those sorts of claims are most appropriately addressed by asking simply whether a party adequately fulfilled its contractual obligations." Broussard v. Meineke Discount Muffler Shops, 155 F.3d 331, 347 (4th Cir. 1998), citing Strum v. Exxon Co., 15 F.3d 327, 333 (4th Cir. 1994).

Eastover Ridge, 533 S.E.2d at 833.

Finally, a plaintiff may also base an unfair and deceptive trade practice claim against an insurance company on a violation of N.C. Gen. Stat. § 58-63-15(11). Gray, 529 S.E.2d at 683; Page, 628 S.E.2d at 429. Conduct that violates Section 58-63-15(11)(f) constitutes a violation of Section 75-1.1 as a matter of law. Gray, 529 S.E.2d at 683; Guessford v. Pennsylvania Nat. Mut. Cas. Ins. Co., 983 F. Supp. 2d 652, 660 (M.D.N.C. 2013). Section 58-63-15(11) sets out the following specific acts, which constitute unfair claim settlement practices:

a. Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

b. Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance

-11-

policies;

c. Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

d. Refusing to pay claims without conducting a reasonable investigation based upon all available information;

e. Failing to affirm or deny coverage of claims within a reasonable time after proof-of-loss statements have been completed;

f. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

g. Compelling [the] insured to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insured;

h. Attempting to settle a claim for less than the amount to which a reasonable man would have believed he was entitled;

i. Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of, the insured;

j. Making claims payments to insureds or beneficiaries not accompanied by [a] statement setting forth the coverage under which the payments are being made;

k. Making known to insureds or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose

> of compelling them to accept settlements or compromises less than the amount awarded in arbitration;
>
> l. Delaying the investigation or payment of claims by requiring an insured claimant, or the physician, of [or] either, to submit a preliminary claim report and then requiring the subsequent submission of formal proof-of-loss forms, both of which submissions contain substantially the same information;
>
> m. Failing to promptly settle claims where liability has become reasonably clear, under one portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; and
>
> n. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

The Amended Complaint sets forth sufficient factual allegations to assert an UDTP claim against Defendant.[1] For example, Plaintiff alleges that Defendant made misrepresentations regarding insurance policy provisions relating to coverage at issue in violation of N.C. Gen. Stat. § 58-63-15(11)(a). Moreover, Plaintiff alleges that it suffered damages of at least $500,000.00 as a proximate result of Defendants' actions. Such factual allegations are sufficient to state a claim against Defendant. See Gray, 529 S.E.2d at 683; Page, 628 S.E.2d at 429;

---

1 To the extent that Defendant contends that Plaintiff has failed to allege an injury-in-fact sufficient to confer constitutional standing under Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992), such argument is meritless and deserves no serious discussion from this Court.

N.C. Gen. Stat. § 58-63-15(11).  Plaintiff has alleged more than a simple breach of contract and has alleged an injury that was proximately caused by Defendant's actions.  At the summary judgment stage, Defendant can certainly argue that the proximate cause of Plaintiff's injury was something other than Defendant's actions, but the Amended Complaint sufficiently states a UDTP claim.  Accordingly, the Court **RECOMMENDS** that the District Court **DENY** the Motion to Dismiss as to Count One.

## IV.  Conclusion

The Court **RECOMMENDS** that the District Court **GRANT in part** and **DENY in part** the Motion to Dismiss [# 10].  The Court **RECOMMENDS** that the District Court **GRANT** the motion as to Count Two and **DENY** the motion as to Count One.

Signed: September 3, 2015

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).