# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-43-MR-DLH

| | |
|---|---|
| BILTMORE AVENUE CONDOMINIUM ASSOCIATION, INC., <br><br> Plaintiff, <br><br> vs. <br><br> HANOVER AMERICAN INSURANCE COMPANY, <br><br> Defendant. | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 10]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of that motion [Doc. 14]; and the Defendant's Objection to the Magistrate Judge's Memorandum and Recommendation. [Doc. 15].

## PROCEDURAL BACKGROUND

The Plaintiff initiated this action on January 16, 2015, by filing a Complaint in the Buncombe County, North Carolina, Superior Court, asserting one breach of contract claim and one unfair and deceptive trade

practices claim against Defendant. [Doc. 1-1]. Defendant removed the action to this Court on the basis of diversity jurisdiction. [Doc. 1]. Thereafter, Plaintiff filed an Amended Complaint [Doc. 7], and the Defendant moved to dismiss the Amended Complaint in its entirety pursuant to Rule 12(b)(6). [Doc. 10].

Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable Dennis L. Howell, United States Magistrate Judge, was designated to consider the Defendant's motion and to submit to this Court a recommendation for its disposition. On September 3, 2015, the Magistrate Judge filed a Memorandum and Recommendation in this case containing proposed conclusions of law in support of a recommendation that the Motion to Dismiss be granted in part and denied in part. [Doc. 14]. The Defendant filed an Objection to the Magistrate Judge's Memorandum and Recommendation on September 21, 2015. [Doc. 15].

## STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient

specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual findings or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## DISCUSSION

The Defendant objects to the Memorandum and Recommendation ("M&R") on one ground. The Defendant contends that the Magistrate Judge erred in his conclusion that the Amended Complaint states a claim under Chapter 75 of the North Carolina General Statutes. [Doc. 15 at 2]. In particular, Defendant asserts Plaintiff fails to allege injury sufficiently in that

> the $500,000.00 claimed by Plaintiff as part of its unfair and deceptive trade practices claim is the exact same $500,000.00 claimed by Plaintiff as its alleged contract damages in its (time-barred) breach of contract claim. There are no allegations that Plaintiff suffered any injury independent of the alleged breach of contract. This is insufficient to state a claim for unfair and deceptive trade practices under North Carolina law.

3

[Doc. 16 at 5]. Defendant relies upon <u>Gray v. N.C. Ins. Underwriting Assoc.</u>, 352 N.C. 61, 529 S.E.2d 676 (2000).

Having conducted a careful, *de novo* review of the M&R, the Court concludes Defendant's objection is without merit. Hanover American has moved to dismiss Plaintiff's unfair and deceptive trade practices cause of action for failure to state a claim. The Court, therefore, must take Plaintiff's factual allegations as true and construe them in the light most favorable to Plaintiff, the non-moving party.

Plaintiff has alleged Defendant sold Plaintiff a policy for ordinance or law coverage with a $2,000,000 liability limit. [Doc. 7-2 at 2]. Also according to Plaintiff, Defendant sold Plaintiff a "Broadening Endorsement" that expanded the liability limit of the ordinance or law coverage by an additional $500,000 for which Plaintiff paid Defendant additional premiums. [Doc. 7-3 at 2]. Plaintiff's insured building suffered fire loss and Plaintiff thereafter had to expend sums to bring the building up to code (ordinance or law compliance). Defendant only paid Plaintiff the initial policy limit of $2,000,000 and denied payment under the "Broadening Endorsement." Defendant took such action despite the plain language of the Endorsement, and despite Defendant's representation the coverage provided by the Endorsement was "additional" to the initial policy. In short, Plaintiff's claim is that it paid extra

premiums for coverage Defendant deceptively represented would be in addition to the initial policy's coverage and that Defendant has now unfairly refused to honor the expanded coverage.  These allegations are sufficient to state a claim under Chapter 75 of the North Carolina General Statutes as explained in the M&R. <u>High Country Arts & Craft Guild v. Hartford Fire Ins. Co.</u>, 126 F.3d 629 (4th Cir. 1997).

Furthermore, Defendant's reliance on <u>Gray</u> is misplaced. In <u>Gray</u>, the jury found that the Defendant had breached its contact causing $256,256.91 in damages ***and*** had committed a deceptive trade practice proximately causing $117,000 in damages. <u>Gray</u>, 352 N.C. at 65-66, 529 S.E.2d at 679-80.  The plaintiffs contended that they were thus entitled to an award of $373,256.91 ($256,256.91 plus $117,000) trebled.  The North Carolina Supreme Court held that only the $117,000, as Chapter 75 damages, were subject to trebling. This is far from the proposition for which Hanover American cites <u>Gray</u>, namely that a plaintiff must allege some damages "independent of" damages for breach of contract in order ***to state a claim*** for unfair and deceptive trade practices arising from the same course of conduct.  The court in <u>Gray</u> did not so hold.  Moreover, the North Carolina Court of Appeals has decided this very issue in <u>Garlock v. Henson</u>, 112 N.C. App. 243, 435 S.E.2d 114 (1993).

In Garlock, the plaintiff conveyed his bulldozer to Henson and Phillips who agreed to assume the loan on the bulldozer and to sell it for plaintiff whereby plaintiff would be entitled to receive $7,642.40 after the sale. 112 N.C. App. at 244, 435 S.E.2d at 115. There was disagreement over whether Phillips knew about the obligation to pay plaintiff the additional sum after the sale and whether the contract contained that obligation when Phillips signed it. Henson, however, acknowledged the obligation. The defendants sold the bulldozer and failed to tell the plaintiff. Plaintiff called Henson practically every month for three years to ask him if the bulldozer was sold. Henson continually misled plaintiff after the bulldozer was sold and thereby avoided paying the additional sum due under the contract. Id. Plaintiff learned of the bulldozer's sale when he saw it on a car lot in another county. Plaintiff thereafter brought suit alleging claims for breach of contract and unfair and deceptive trade practices.

The legal argument raised by Henson to Garlock's suit is the same one Hanover American raises here: "the defendant argues that plaintiff may not maintain an action for unfair and deceptive trade practices because plaintiff suffered no actual injury from the deceptive conduct." 112 N.C. App. at 246, 435 S.E.2d at 116. In other words, according to the defendant, his conduct did not cause any additional injury but only delayed recovery of money

already owed. The appellate court rejected the defendant's argument outright.

> Defendant attempts to divide this case into two distinct occurrences, as if the breach of contract is separate from the conduct which aggravated the breach, when in fact we have a continuous transaction that amounts to unfair and deceptive trade practices. It does not matter that the same set of facts also constitutes a breach of contract. Where the same course of conduct gives rise to a traditionally recognized cause of action, as, for example, an action for breach of contract, and as well gives rise to a cause of action for violation of G.S. 75-1.1, damages may be recovered either for the breach of contract, or for violation of G.S. 75-1.1....

112 N.C. App. at 246, 435 S.E.2d at 116 (internal quotations and citation omitted).

The Plaintiff herein has stated a claim for unfair and deceptive trade practices. If Plaintiff is able to prove such a claim, its damages may be the same as what its contract damages would have been; and they may be different. But that inquiry is not before the Court on the present motion pursuant to Rule 12(b)(6).

In sum, after a careful, *de novo* review of the Magistrate Judge's well-reasoned M&R, the Court concludes that the Magistrate Judge's conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the Defendant's Motion to Dismiss be granted in part and denied in part.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Magistrate Judge's Memorandum and Recommendation [Doc. 14] is **ACCEPTED**; the Defendant's Objection to the Memorandum and Recommendation [Doc. 15] is **OVERRULED;** and the Defendant's Motion to Dismiss [Doc. 10] is **GRANTED in part and DENIED in part**.

**IT IS FURTHER ORDERED** that Plaintiff's breach of contract claim contained in the Amended Complaint [Doc. 7] is hereby **DISMISSED**.

**IT IS SO ORDERED.**

Signed: February 2, 2016

Martin Reidinger
United States District Judge