# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:15-cv-43-MR-DLH

| | |
|---|---|
| **BILTMORE AVENUE CONDOMINIUM ASSOCIATION, INC.,** ) ) ) **Plaintiff,** ) ) vs. ) ) ) **HANOVER AMERICAN INSURANCE COMPANY,** ) ) ) **Defendant.** ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's Motion for Reconsideration and Motion for Extension of Time to Respond to Plaintiff's Complaint. [Doc. 19]. The primary thrust of the Defendant's motion is to seek the Court's reconsideration of its February 2, 2016, Order denying the Defendant's request to dismiss Plaintiff's unfair and deceptive trade practices claim asserted under Chapter 75 of the North Carolina General Statutes. [Doc. 18].

When faced with a motion for reconsideration, the Court does not apply the same strictures it would with regard to final orders pursuant to Federal

Rules of Civil Procedure 59 and 60. American Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003). Rather, in deciding whether to reconsider an interlocutory order, the Court should consider whether there has been an intervening change in controlling law, whether there is additional evidence not previously available, and whether the prior decision was based on clear error or will work a manifest injustice. American Canoe, 326 F.3d at 515, citing Sejman v. Warner–Lambert Co., Inc., 845 F.2d 66, 69 (4th Cir. 1988). The Defendant focuses on the last of these considerations and argues that the Court's prior Order is erroneous because: "(1) controlling authority from the North Carolina Supreme Court requires dismissal of Plaintiff's claim and (2) the case law relied upon by the Court in support of its decision is inapposite." [Doc. 19-1 at 1]. According to the Defendant, the "controlling authority" relied upon by Defendant is Gray v. N.C. Ins. Underwriting Assoc., 352 N.C. 61, 529 S.E.2d 676 (2000), and the "inapposite" case relied upon by the Court is Garlock v. Henson, 112 N.C. App. 243, 435 S.E.2d 114 (1993). [Id.]. The Court carefully examined both of these cases in its prior Order.

In its request for reconsideration, the Defendant has offered nothing new to substantiate its contention that the Court's prior Order is erroneous. The Defendant still maintains that "Plaintiff has not alleged any damages

beyond the alleged contractual damages – which, per Gray, are not recoverable as part of an unfair and deceptive trade practices claim." [Doc. 19-1 at 3]. As stated in its prior Order, Defendant's reliance on Gray is misplaced. The court in Gray did not hold that a plaintiff must allege some damages "independent of" damages for breach of contract in order to state a claim for unfair and deceptive trade practices arising from the same course of conduct. Gray, 352 N.C. at 65-66, 529 S.E.2d at 679-80. Further, the North Carolina Court Appeals did conclude that the same course of conduct giving rise to a traditionally recognized cause of action, as, for example, an action for breach of contract, can also give rise to a cause of action for violation of N.C. Gen. Stat. § 75-1.1, and damages may be recovered either for the breach of contract, or for violation of section 75-1.1. Garlock v. Henson, 112 N.C. App. 243, 246, 435 S.E.2d 114, 116 (1993). While the Defendant is correct that a mere breach of contract allegation cannot sustain a UDTPA claim without a showing of aggravating circumstances [Doc. 19-1 at 5], the Plaintiff has alleged multiple aggravating circumstances committed by the Defendant. [Doc. 7 at 7, ¶¶ 23-25].

The Plaintiff's Complaint states a claim for unfair and deceptive trade practices. If Plaintiff is able to prove such a claim, its damages may be the same as what its contract damages would have been; and they may be

different. But, as stated in its prior Order, that inquiry is not before the Court on the present motion pursuant to Rule 12(b)(6). Accordingly, the Court will deny the Defendant's motion for reconsideration and will grant Defendant's motion for additional time to file its Answer.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Reconsideration [Doc. 19] is **DENIED** and Defendant's Motion for Extension of Time to Respond to Plaintiff's Complaint [Doc. 19] is **GRANTED.** The Defendant shall have twenty-one days from the entry of this Order within which to file its Answer.

**IT IS SO ORDERED.**

Signed: February 17, 2016

Martin Reidinger
United States District Judge